24-1331

IN THE

# United States Court of Appeals

## FOR THE SEVENTH CIRCUIT

◆◆◆

MICHAEL MOGAN,

*Plaintiff-Appellant,*

—v.—

PORTFOLIO MEDIA INC.,

*Defendant-Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
NO. 1:23-CV-02868
HONORABLE MATTHEW F. KENNELLY

## BRIEF FOR DEFENDANT-APPELLEE

ELIZABETH MCNAMARA
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas,
  21st Floor
New York, New York 10020
(212) 603-6437

*Attorneys for Defendant-Appellee*

## APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: 24-1331

Short Caption: Mogan v. Portfolio Media Inc.

    To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

    The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐     **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

Portfolio Media Inc.

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

Davis Wright Tremaine, LLP

(3)    If the party, amicus or intervenor is a corporation:

    i)    Identify all its parent corporations, if any; and

        RELX Inc., which is a wholly owned subsidiary of RELX Overseas Ltd., the ultimate parent of which is RELX Group plc, which is owed by RELX PLC

    ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

        RELX PLC (LSE: REL; NYSE: RELX).

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

N/A

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

N/A

Attorney's Signature: s/ Elizabeth McNamara    Date: March 25, 2024

Attorney's Printed Name: Elizabeth McNamara

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    Yes ☑  No ☐

Address: 1251 Avenue of the Americas, 21st Floor

New York, NY 10020

Phone Number: 212.603.6437    Fax Number: 212.489.8340

E-Mail Address: lizmcnamara@dwt.com

rev. 12/19 AK

# TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................1

STATEMENT OF JURISDICTION.....................................................................2

STATEMENT OF THE ISSUE............................................................................2

STATEMENT OF THE CASE.............................................................................2

    A.    Factual Background.................................................................................2

            1.    The January 2022 Order and Article...........................................4

            2.    The May 2022 Order and Article...............................................6

            3.    The May 2023 Article and Related Actions ...............................7

    B.    Procedural History..................................................................................9

    C.    Decision Below Granting Portfolio Media's Motion to Dismiss and Denying Leave to File a Second Amended Complaint................10

SUMMARY OF ARGUMENT ..........................................................................12

STANDARD OF REVIEW ...............................................................................13

ARGUMENT .....................................................................................................14

I.    The District Court Correctly Dismissed Mogan's Case with Prejudice........14

    A.    The Challenged Statements in the January 2022 Article Are Privileged as Fair Reports ..................................................................19

    B.    The Challenged Statements in the May 2022 Article Are Privileged as Fair Reports ..................................................................24

    C.    The Challenged Statements in the May 2023 Article Are Privileged as Fair Reports ..................................................................27

II.    Mogan's Suit Cannot Otherwise Be Maintained....................................32

CONCLUSION...................................................................................................34

# TABLE OF AUTHORITIES

Page

**Cases**

*Adams v. City of Indianapolis*,
   742 F.3d 720 (7th Cir. 2014) ...................................................................13, 15

*Allen v. City of Chicago*,
   865 F.3d 936 (7th Cir. 2017) ...........................................................................33

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .................................................................................15, 33

*Assoc. Builders, Inc. v. Ala. Power Co.*,
   505 F.2d 97 (5th Cir. 1974) .............................................................................15

*Bd. of Forensic Document Examiners, Inc. v. Am. Bar Ass'n*,
   922 F.3d 827 (7th Cir. 2019) ...........................................................................32

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .........................................................................................15

*Bertha v. Daily Herald Newspaper*,
   No. 2-21-0695, 2022 WL 3354691 (Ill. App. Aug. 15, 2022) ..........................23

*Bogie v. Rosenberg*,
   705 F.3d 603 (7th Cir. 2013) ...........................................................................15

*Bradley v. Village of Univ. Park*,
   59 F.4th 887 (7th Cir. 2023) ............................................................................33

*Carroll v. Stryker Corp.*,
   658 F.3d 675 (7th Cir. 2011) ...........................................................................13

*Cohen v. Am. Sec. Ins. Co.*,
   735 F.3d 601 (7th Cir. 2013) .....................................................................13, 15

*Doermer v. Callen*,
   847 F.3d 522 (7th Cir. 2017) ...........................................................................32

*Eubanks v. Nw. Herald Newspaper*,
   922 N.E.2d 1196 (Ill. App. 2010) ...................................................................16

*Exxon Shipping Co. v. Baker*,
   554 U.S. 471 (2008) .........................................................................................33

ii

Cases—continued:

*Gertz v. Robert Welch, Inc.*,
   418 U.S. 323 (1974) ............................................................33

*Gist v. Macon Cnty. Sheriff's Dep't*,
   671 N.E.2d 1154 (Ill. App. 1996) ..............................17, 29

*Hacker v. Dart*,
   62 F.4th 1073 (7th Cir. 2023) ..........................................18

*Harrison v. Chi. Sun-Times, Inc.*,
   793 N.E.2d 760 (Ill. App. 2003) .................................17, 22

*Hill v. Schmidt*,
   969 N.E.2d 563 (Ill. App. 2012) .................................17, 19

*Huon v. Denton*,
   841 F.3d 733 (7th Cir. 2016) .......................................16, 17

*Hurst v. Cap. Cities Media, Inc.*,
   754 N.E.2d 429 (Ill. App. 2001) ................................21, 24

*Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*,
   55 F.4th 517 (7th Cir. 2022) .............................................14

*Kubiak v. City of Chicago*,
   810 F.3d 476 (7th Cir. 2016) .............................................15

*L. Offs. of Davis Freyin, P.C. v. Chamara*,
   24 F.4th 1122 (7th Cir. 2022) ...........................................16

*London v. RBS Citizens, N.A.*,
   600 F.3d 742 (7th Cir. 2010) .............................................13

*Mogan v. Sacks, Ricketts & Case LLP*,
   No. 21-cv-08431, 2022 WL 94927 (N.D. Cal. Jan. 10, 2022) ...................*passim*

*Motorola Sols., Inc. v. Hytera Commc'ns Corp.*,
   ___ F.4th ___, 2024 WL 3268954 (7th Cir. July 2, 2024) .................................18

*O'Donnell v. Field Enters., Inc*,
   491 N.E.2d 1212 (Ill. App. 1986) .....................................17

Cases—continued:

*Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*,
    786 F.3d 510 (7th Cir. 2015) ..............................................................32

*Seith v. Chi. Sun-Times, Inc.*,
    861 N.E.2d 1117 (Ill. App. 2007) ......................................................32

*Singelton v. Wulff*,
    428 U.S. 106 (1976)............................................................................33

*Solaia Tech., LLC v. Specialty Publ'g Co.*,
    852 N.E.2d 825 (Ill. 2006)..............................................16, 17, 30, 31

*Trahanas v. Nw. Univ.*,
    64 F.4th 842 (7th Cir. 2023) ..............................................................16

*United States v. Acox*,
    595 F.3d 729 (7th Cir. 2010) ......................................................13, 18

*Wilkow v. Forbes, Inc.*,
    No. 99-cv-03477, 2000 WL 631344 (N.D. Ill. May 15, 2000) ..........16

*Yoder v. Honeywell Inc.*,
    104 F.3d 1215 (10th Cir. 1997) .........................................................16

**Rules**

Federal Rules of Civil Procedure
    Rule 12(b)(6).................................................................................9, 15

**Constitutional Provisions**

United States Constitution
    First Amendment ..........................................................................12, 33

**Other Authorities**

Restatement (Second) of Torts
    Section 611....................................................................................29, 31

## INTRODUCTION

California-licensed attorney Appellant Michael Mogan ("Mogan") brought this action against Appellee Portfolio Media Inc., publisher of *Law360* ("Portfolio Media") based on three articles published on *Law360*'s website concerning Mogan's various court proceedings. Based on his filing of a "frivolous" action, two different courts sanctioned Mogan for his behavior and a California disciplinary proceeding was commenced. His defamation and false light claims arise out of *Law360*'s straightforward reporting on these judicial proceedings. Each of the statements challenged as false and defamatory are only direct quotes from or accurate characterizations of court orders and, as such, are squarely protected by the fair report privilege, which immunizes publishers from suits based on a fair and true report of judicial proceedings.

The United States District Court for the Northern District of Illinois dismissed Mogan's action with prejudice and denied his request for leave to file a Second Amended Complaint, finding such an amendment would be futile. The district court recognized what is plainly evident from a simple comparison of the *Law360* articles with the proceedings they covered: the articles were a fair report of those official proceedings, and they are fully privileged against a defamation (or false light invasion of privacy) claim. This appeal, which presents no new basis—and indeed,

no basis—for challenging the application of the fair report privilege, must be rejected, and the district court's decision affirmed.

## STATEMENT OF JURISDICTION

Appellant's jurisdictional statement is complete and correct.

## STATEMENT OF THE ISSUE

Whether the District Court correctly granted Defendant-Appellee's motion to dismiss Plaintiff-Appellant's case on the ground that all the challenged statements in three *Law360* articles were protected by the applicable fair report privilege as fair reports of official proceedings and, accordingly, whether the District Court correctly denied Plaintiff-Appellant's motion to amend as futile.

## STATEMENT OF THE CASE

### A.    Factual Background

In 2018, Mogan sued employees of Airbnb in a California state court on behalf of his client, Veronica McCluskey. *Mogan v. Sacks, Ricketts & Case LLP*, No. 21-cv-08431, 2022 WL 94927, at *2 (N.D. Cal. Jan. 10, 2022) (describing *McCluskey*). McCluskey claimed Airbnb had "destroyed her business in retaliation for [her] reaching out to Fox News and the Los Angeles Police Department about Airbnb Inc.'s inaction towards an Airbnb Superhost . . . who was trafficking illegal drugs through the United States mail including at his Airbnb rental." *Id.* The California state court granted defendants' motion to compel arbitration and stayed the case

pending the outcome of the arbitration. *Id.* The defendants in *McCluskey* timely paid their fees to the American Arbitration Association ("AAA"), but the AAA mistakenly misapplied those fees and administratively closed the case. AA170 (State Court Order). As the California court in *McCluskey* later explained: "Once the AAA realized and acknowledged its mistake, it requested confirmation from plaintiff that she wanted the case reopened. Plaintiff's counsel did not respond to that repeated request by the AAA, but instead" moved to lift the stay in the state court case, claiming defendants were in "default" in the arbitration proceedings. *Id.*

In a September 2019 order, the state court granted defendants' motion to impose sanctions on McCluskey, finding the "motion to lift [the] stay . . . was both factually and legally frivolous." *Id.* The court found that McCluskey's "contention that defendants were in 'default' in the arbitration proceedings was entirely lacking in either evidentiary or legal support," and further that it was "fully known to plaintiff's counsel" that the AAA "had made a clerical error." *Id.* The court stated that, in bringing the "frivolous motion to lift the stay, [McCluskey's] counsel [Appellant Mogan] sought to take advantage of the AAA's clerical error and her own lengthy delays in order to evade her contractual obligation to arbitrate her claims and to avoid the effect of the Court's earlier order granting defendants' petition to compel arbitration." *Id.* The state court emphasized that "[McCluskey's] counsel now compounds his misconduct by accusing defendants' counsel of

'continued attempts to commit fraud upon this Court and Plaintiff' and of 'lying,' among other things, accusations which the Court finds to be baseless and unprofessional." *Id.* The court ordered "[p]laintiff's counsel [Mogan] [to] pay defendants' attorneys' fees incurred in opposing the amended motion to lift the stay." *Id.*

Two years later, in September 2021, Mogan brought suit on his own behalf against Airbnb and three of its employees in the United States District Court for the Northern District of California "for claims related to [the] sanction award against him in [the] underlying state court action." AA172 (January Order); *see Sacks, Ricketts & Case LLP*, 2022 WL 94927, at *4. Mogan's suit was "premised on the allegations that (1) Airbnb failed to pay its arbitration fee on time and lied about it, and (2) Airbnb sought sanctions for improper purposes like harassment and extortion." AA175. The "seven counts" in the case "rang[ed] from abuse of process and unfair business practices to conspiracy and racketeering." *Id.* Defendants in the federal case successfully moved to dismiss. *Id.* Those defendants then sought sanctions and an order declaring Mogan a vexatious litigant. AA172.

## 1. The January 2022 Order and Article

On January 12, 2022, the California federal court issued an order granting the sanctions motion but denying the motion to declare Mogan a vexatious litigant. *Id.* ("January Order"). In granting the sanctions motion, the district court "agree[d]"

with defendants that "Mogan's complaint [wa]s baseless." AA174. The district court found that because Mogan's allegations in the federal case had "already been rejected on multiple occasions in state court, a complaint premised on the same allegations is frivolous." AA175. The court granted sanctions "in the form of attorney's fees and costs" and directed defendants to file a separate motion with evidence of their fees and costs. AA179, 182.

Two days later, on January 14, 2022, *Law360* published an article titled "Calif. Atty Sanctioned In Suit Against Airbnb, Workers." AA160 (the "January 2022 Article"). As relevant to this appeal, the January 2022 Article made the following statements:

- Statement 1: "A California lawyer is facing another round of sanctions after a 'baseless' attempt to sue Airbnb and three of its employees over other sanctions against him in an underlying action." AA160 (January 2022 Article); *see* AA121–22 (SAC ¶ 21).

- Statement 2: "Michael Mogan made a number of accusations against Airbnb, including fraud, harassment and extortion, after the rental company successfully moved for sanctions against Mogan for attempting to reopen his client's case after it had been dealt with through arbitration." AA160 (January 2022 Article); *see* AA122 (SAC ¶ 22).

- Statement 3: "Mogan had represented Veronica McCluskey in California state court in a November 2019 suit against Airbnb, claiming that the rental company destroyed her business after she went on television complaining about Airbnb properties being used to sell drugs. The case went to arbitration, and while Airbnb paid its arbitration fee within a legal timeframe, the transaction was not properly recorded." AA160 (January 2022 Article); *see* AA122 (SAC ¶ 23).

- Statement 4:  "Mogan attempted to use the clerical error as a wedge to reopen the case in state court, but the court ruled that the transactional error was not a way out of McCluskey's contractual obligation to arbitrate her claim, and the court admonished Mogan for lying about when Airbnb made its payment."  AA160 (January 2022 Article); *see* AA122 (SAC ¶ 24).

- Statement 5:  "Mogan hit back and filed suit against Airbnb and three employees—Jeff Henry, Dave Willner, and Sanaz Ebrahini—asking to have the sanctions against him lifted and alleging abuse of process and unfair business practices from conspiracy to racketeering."  AA160 (January 2022 Article); *see* AA122–23 (SAC ¶ 25).

- Statement 6:  "[Mogan] alleged that Airbnb failed to pay its arbitration fee on time and lied about it, and that Airbnb sought sanctions against Mogan for the purposes of harassment and extortion."  AA160 (January 2022 Article); *see* AA123 (SAC ¶ 26).

## 2. The May 2022 Order and Article

On May 9, 2022, the district court ruled on defendants' additional motions submitting evidence of fees and costs, awarding, as relevant, "reasonable attorneys' fees of $162,160.20 and costs of $573.90 to Airbnb Defendants."  AA194.

The next day, on May 10, 2022, *Law360* published an article titled "Airbnb Wins $162K In Fees From Sanctioned Calif. Atty."  AA163 (the "May 2022 Article").  As relevant to this appeal, the May 2022 Article made the following statements:

- Statement 7:  "A California attorney must pay more than $162,000 in attorney fees after he was sanctioned for filing a 'frivolous' lawsuit against Airbnb Inc. and three of its employees over other sanctions levied against him in an underlying action."  AA163 (May 2022 Article); *see* AA119 (SAC ¶ 13).

- Statement 8: "Michael Mogan filed a frivolous suit accusing Airbnb of fraud, harassment and extortion after the rental company successfully moved for sanctions against Mogan for attempting to reopen his client's case after it had been dealt with through arbitration." AA163 (May 2022 Article); *see* AA120 (SAC ¶ 14).

- Statement 9: "The [state court] case went to arbitration, and while Airbnb paid its arbitration fee within a legal timeframe, the transaction was not properly recorded. Mogan attempted to use the clerical error as a wedge to reopen the case in state court . . . ."AA163 (May 2022 Article); *see* AA120 (SAC ¶ 15).

- Statement 10: "Mogan hit back and filed suit against Airbnb—as well as its employees Jeff Henry, Dave Willner and Sanaz Ebrahini and its previous counsel at Sacks Ricketts & Case LLP, now known as Ricketts Case LLP—asking to have the sanctions against him lifted . . . ." AA163 (May 2022 Article); *see* AA120 (SAC ¶ 16).

### 3.    The May 2023 Article and Related Actions

On February 6, 2023, the State Bar of California filed disciplinary charges against Mogan for (1) "disobey[ing] or violat[ing] an order of the court" by "failing to pay monetary sanctions in the amount of $22,159.50 to opposing counsel as ordered by the court in the [*McCluskey*] case," AA197; and (2) "fail[ing] to counsel or maintain such action, proceedings, or defenses only as they appear to be legal or just" by "filing a frivolous motion to lift stay in [*McCluskey*] and thereafter appealing the trial court's denial of said motion on equally frivolous grounds." AA199.

Mogan sued the State Bar of California two days later in the United States District Court for the Central District of California, alleging violations of, *inter alia*, the Americans with Disabilities Act. *See* Complaint, *Mogan v. State Bar of Cal.*,

No. 2:23-cv-00930 (C.D. Cal. Feb. 8, 2023), ECF No. 1.  (Mogan filed an amended complaint on March 7, 2023.  *See* AA222–43.)  After a motion to dismiss had been fully briefed, the district court in that case scheduled a hearing on the motion to take place on May 8, 2023 via Zoom, sharing access information for the Zoom meeting on the court's public docket.  Order, *Mogan*, No. 2:23-cv-00930 (C.D. Cal. May 3, 2023), ECF No. 15.

After the Zoom conference, on May 8, 2023, *Law360* published an article titled "Calif. Atty's ADA Suit Against State Bar Facing Uphill Battle."  AA166 (the "May 2023 Article").  The article reported that the judge in Mogan's ADA case "appeared poised . . . to dismiss [his] lawsuit" and described his "tentative conclusion."  *Id.*  By way of background, the May 2023 Article included the following relevant statements:

- Statement 11:  "The federal case stems from a lawsuit filed in San Francisco County Superior Court by plaintiff Veronica McCluskey against three [Airbnb] employees . . . ."  AA166 (May 2023 Article); *see* AA121 (SAC ¶ 18).

- Statement 12:  "Mogan filed a 'factually and legally frivolous' motion that, among other things, tried to take advantage of a clerical error by the American Arbitration Association and avoid the court's order to arbitrate the dispute."  AA166 (May 2023 Article); *see* AA121 (SAC ¶ 20).

- Statement 13:  "[The California state court judge] also held that Mogan 'compounds his misconduct' by accusing his opposing counsel of committing a fraud on the court, which the judge found 'baseless and unprofessional.'"  AA166 (May 2023 Article); *see* AA121 (SAC ¶ 19).

**B. Procedural History**

Mogan sued Portfolio Media in the United States District Court for the Northern District of Illinois on May 7, 2023, alleging defamation and false light of privacy claims arising out of the publication of the May 2022 Article. AA291; *see* AA4–10 (Complaint). After the Zoom hearing in his ADA case and the subsequent publication of the May 2023 Article, Mogan amended his complaint on May 23, 2023 to add allegations relating to that Article. *See* AA14–15 (First Amended Complaint ¶¶ 15–18). On July 14, 2023, Portfolio Media moved to dismiss the First Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* AA33–52. At a status conference to set a briefing schedule on that motion, Mogan relayed his intent to move to file a further amended complaint. AA350–52 (Transcript of July 24, 2023 Conference).

Mogan filed a motion for leave to file a Second Amended Complaint on August 7, 2023. AA95–99. The proposed Second Amended Complaint added allegations arising from the January 2022 Article. AA121–23 (SAC ¶¶ 21–26). The district court "instructed the parties that Portfolio should include its Rule 12(b)(6) arguments in its response to Mogan's motion to amend," AA291, which Portfolio Media then did on September 1, 2023. AA135–56. Portfolio Media argued that the proposed amendments were futile because claims arising out of the January 2022 Article were subject to a one-year statute of limitations that had expired. AA145–

47. However, even if claims arising out of the January 2022 Article were considered, Portfolio Media argued, the Second Amended Complaint should be dismissed because the challenged statements in the January 2022 Article, along with those in the May 2022 Article and May 2023 Article, were all privileged as fair reports of official proceedings and therefore not actionable. AA153.[1]

In the alternative, Portfolio Media argued, the Second Amended Complaint should be dismissed because Mogan had failed to make any allegations of fault concerning the publication of any of the Articles, *i.e.*, that Portfolio Media was at least negligent (let alone reckless) as to the purported falsity of the challenged statements. AA153–54. After Mogan submitted a reply, AA201–16, the court took the motion under advisement, noting, as to "whether a motion to dismiss is appropriate," that "the futility standard is the same as the 12(b)(6) standard." AA355 (Transcript of September 18, 2024 Conference).

### C. Decision Below Granting Portfolio Media's Motion to Dismiss and Denying Leave to File a Second Amended Complaint

On February 9, 2024, the district court granted Portfolio Media's motion to dismiss and denied Mogan's motion for leave to amend, AA306, "agree[ing] with Portfolio that, even if leave to amend were granted, the second amended complaint fails to state a claim because all of the statements at issue are covered by the fair

---

[1] Portfolio Media also argued that the New York fair report privilege, rather than the Illinois one, applied to the case. AA147–48.

report privilege." AA292. The court found it "need not resolve" whether New York or Illinois fair report law governed, "because the fair report privilege applies to the statements at issue even if the Court applies Illinois law (as Mogan prefers)." AA294. As an initial matter, the court found that Mogan had "not responded appropriately to Portfolio's fair report privilege argument" by "explain[ing] whether and how he contends the Law360 articles misrepresented the *official proceedings* that are the subjects of those articles." AA295 (emphasis in original). "In other words, Mogan has not identified any inconsistencies between the facts as described by Law360 and the facts as described by the court decisions at issue." AA295. The court therefore found that Mogan had "forfeited his argument that the Law360 articles are not privileged." AA296.

"Even if Mogan had not forfeited the issue," the court continued, "the fair report privilege applies" because each of the Law360 articles conveyed a substantially correct account of the relevant court decisions and none made any defamatory additions. AA296. The court discussed each of the thirteen challenged statements in turn and found each to be privileged. AA296–304. The court further determined that the privilege defeated Mogan's false light claim, in addition to his defamation one. AA305. Finally, it determined that "[d]ismissal with prejudice [was] appropriate," because neither the proposed Second Amended Complaint nor "any subsequent amendment" could alter the conclusion that "the articles are clearly

privileged as fair reports of official proceedings." AA305–06. Because it found all of the challenged statements not actionable as fair reports of judicial proceedings, the court declined to "address Portfolio's *mens rea* or statute-of-limitations arguments." AA292. Judgment issued the same day as the district court's order, AA307, and Mogan filed a notice of appeal on March 3, 2024, AA308.

## SUMMARY OF ARGUMENT

The district court correctly found, based on a detailed analysis of the underlying judicial proceedings and the three challenged *Law360* Articles, that each of the thirteen statements Mogan challenges across the Articles is privileged as a fair report of judicial proceedings, meaning that defamation (and false light invasion of privacy) claims premised on those statements must fail. For that reason, Mogan's proposed Second Amended Complaint fails to state a claim and is thus futile. More than that, the entire Articles are fair reports of the relevant proceedings and are likewise privileged and not actionable. Because *no* action can be maintained on the basis of the Articles, dismissal of Mogan's entire action with prejudice was appropriate, and this Court should affirm. To the extent the Court exercises its discretion to reach issues not decided by the district court, it may also easily find that the proposed Second Amended Complaint fails because it makes *no* factual allegations supporting even negligence by Portfolio Media, as it must to withstand First Amendment protections. In short, Mogan's claims as to the Articles are

deficient on multiple independent grounds, and the district court correctly dismissed them with prejudice.

## STANDARD OF REVIEW

Ordinarily, this Court reviews an "order denying leave to amend deferentially for abuse of discretion," reversing "only if no reasonable person could agree with that decision." *Adams v. City of Indianapolis*, 742 F.3d 720, 727 (7th Cir. 2014) (quoting *Carroll v. Stryker Corp.*, 658 F.3d 675, 684 (7th Cir. 2011)). An order dismissing a complaint for failure to state a claim is reviewed de novo. *London v. RBS Citizens, N.A.*, 600 F.3d 742, 745 (7th Cir. 2010).

Where, as here, the district court denied an amendment as futile, the Court "review[s] this aspect of the district court's decision de novo," because "there is no practical difference, in terms of review, between a denial of a motion to amend based on futility and the grant of a motion to dismiss for failure to state a claim." *Adams*, 742 F.3d at 734 (alteration omitted) (quoting *Cohen v. Am. Sec. Ins. Co.*, 735 F.3d 601, 607 (7th Cir. 2013)). To the extent this Court agrees with the district court that Mogan's fair report arguments were forfeited, *see* AA295–96, "[p]lain error is the standard for appellate review of issues that have been forfeited." *United States v. Acox*, 595 F.3d 729, 730 (7th Cir. 2010).

**ARGUMENT**

## I. The District Court Correctly Dismissed Mogan's Case with Prejudice

The district court correctly concluded that the thirteen challenged statements from the three Articles in the proposed Second Amended Complaint were fully protected and privileged as fair reports of official proceedings. AA296–304. Accordingly, even if leave to file the proposed Second Amended Complaint was granted, the claims were futile, and dismissal was appropriate. Moreover, the district court correctly found that no "subsequent amendment" could "alter[] th[e] conclusion" that the Articles in their entirety, when "compared [to the] official proceedings at issue," are "clearly privileged as fair reports." AA305–06. Dismissal with prejudice was warranted.[2]

Futility of an amendment and dismissal of a complaint beg the same question: whether the (proposed) complaint fails to state a claim for which relief can be granted. *See Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517,

---

[2] Mogan (at 11–14) devotes much space to an argument that the new claims in his Second Amended Complaint, relating to the January 2022 Article, were not time barred (despite an admission that he was "past the statute of limitations period," Appellant Br. 13, and an argument that a link to the January 2022 Article acted as a republication even though he acknowledges "courts have ruled that hyperlinks do not fulfill the publication element of a defamation claim," *id.* at 17). This argument is irrelevant: the district court below *did* consider the January 2022 Article, AA302–04, as do both parties on appeal, *see* Appellant Br. 20–25; *infra* § I.A.

14

529 (7th Cir. 2022); Fed. R. Civ. P. 12(b)(6).[3] The Court thus undertakes the familiar inquiry into whether the proposed complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In doing so, the Court "accept[s] as true all of the well-pleaded facts in the complaint and draw[s] all reasonable inferences in favor of the plaintiff." *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). But "[w]hen an exhibit"—including one "referenced in a complaint"—"incontrovertibly contradicts the allegations in the complaint, the exhibit ordinarily controls, even when considering a motion to dismiss." *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013); *see id.* ("If the appended document, to be treated as part of the complaint for all purposes under Rule 10(c), reveals facts which foreclose recovery as a matter of law, dismissal is appropriate." (citation omitted) (quoting *Assoc. Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974))).

To establish defamation under Illinois law, a plaintiff must show "the defendant made a false statement about the plaintiff, the defendant made an *unprivileged* publication of that statement to a third party, and that this publication

---

[3] Mogan conceives of this inquiry as two separate issues: leave to amend and dismissal. *See, e.g.*, Appellant Br. 2, 45. But this Court has made clear that "[t]here is no practical difference, in terms of [appellate] review, between a denial of a motion to amend based on futility and the grant of a motion to dismiss for failure to state a claim." *Adams*, 742 F.3d at 734 (quoting *Cohen*, 735 F.3d at 607).

caused damages." *Trahanas v. Nw. Univ.*, 64 F.4th 842, 858 (7th Cir. 2023)

(emphasis added) (quoting *L. Offs. of Davis Freyin, P.C. v. Chamara*, 24 F.4th 1122,

1129 (7th Cir. 2022)).

"A defamatory statement is not actionable if it is privileged; this is a question

of law." *Solaia Tech., LLC v. Specialty Publ'g Co.*, 852 N.E.2d 825, 842 (Ill. 2006);

*see* Appellant Br. 32 ("The fair report privilege typically raises a question of law,

not a question of fact, and is not concerned with the defendant's alleged subjective

intent."). The Illinois fair report privilege "applies to statements that are 'complete

and accurate or a fair abridgement of [an] official proceeding.'" *Huon v. Denton*,

841 F.3d 733, 739–40 (7th Cir. 2016) (quoting *Solaia*, 852 N.E.2d at 843–44).[4] "A

---

[4] The parties disagreed below as to whether Illinois or New York's fair report
privilege should apply. Mogan argued that the Illinois qualified fair report privilege
should apply, AA208–09, whereas Portfolio Media maintained that New York's
absolute fair report privilege should apply, AA43–44, 147–48; *see, e.g.*, *Wilkow v.
Forbes, Inc.*, No. 99-cv-03477, 2000 WL 631344, at *6–7 (N.D. Ill. May 15, 2000)
(performing choice-of-law analysis between fair report privileges of New York and
Illinois and applying New York privilege). But, as the district court concluded, it
did not need to reach the choice of law question, because all the challenged
statements were privileged even under the Illinois qualified privilege. *See* AA294,
296–306. While Portfolio Media cites Illinois law on this appeal, to the extent any
difference between the privileges would yield a different result, the New York
privilege should apply. Further, to the extent Mogan (at 10) suggests Portfolio
Media forfeited its entire privilege argument by arguing the application of New York
law, he is mistaken: both of Portfolio Media's briefs below cite Illinois privilege
law. *See* AA44 (citing *Solaia*, 852 N.E.2d at 842; AA148 (same); *see also* AA45
n.6 (citing *Eubanks v. Nw. Herald Newspaper*, 922 N.E.2d 1196, 1201 (Ill. App.
2010); AA150 n.7 (same); *cf. Yoder v. Honeywell Inc.*, 104 F.3d 1215, 1224 n.3
(10th Cir. 1997) ("We hold that defendant Bull did not waive the statute of

fair abridgment means that the report must convey to readers a substantially correct account." *Solaia*, 852 N.E.2d at 844 (quotation marks omitted). "Because the summary of a legal proceeding 'is bound to convey a somewhat different impression than the proceeding itself,' an abridgment is typically unfair only if it 'significantly changes the defamation appearing in the governmental or public proceeding,'" which is determined by "comparing the gist or sting of the alleged defamation in the official report or proceedings with the gist or sting in the news account." *Huon*, 841 F.3d at 740 (alterations omitted) (first quoting *O'Donnell v. Field Enters., Inc.*, 491 N.E.2d 1212, 1217 (Ill. App. 1986); then quoting *Harrison v. Chi. Sun-Times, Inc.*, 793 N.E.2d 760, 773 (Ill. App. 2003)); *see* Appellant Br. 32 (same) (quoting *Harrison*, 793 N.E.2d at 773). Importantly, as Morgan admits, the privilege depends on "the accuracy of the summary of the written or verbal statements rather than the truth or falsity of the information being summarized." *Hill v. Schmidt*, 969 N.E.2d 563, 569 (Ill. App. 2012); Appellant Br. at 31 (citing *Gist v. Macon Cnty. Sheriff's Dep't,* 671 N.E.2d 1154, 1160 (Ill. App. 1996)).

As established below, the fair report privilege applies to all thirteen statements challenged in Mogan's proposed Second Amended Complaint, rendering each not

_____

limitations defense simply by pleading the defense based on the wrong choice of law.").

actionable. More fundamentally, however, Mogan failed both in the district court and in his opening appellate brief to "explain[] whether and how he contends the Law360 articles misrepresented the *official proceedings* that are the subjects of those articles." AA295 (emphasis in original); *see* Appellant Br. 21–25, 33–34, 39–42. Here, as below, Mogan has "forfeited his argument that the Law360 articles are not privileged." AA296; *see Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, ___ F.4th ___, 2024 WL 3268954, at *22 (7th Cir. July 2, 2024) ("An issue that falls within the scope of the judgment appealed from that is not raised by the appellant in its opening brief on appeal is necessarily waived." (citation omitted)).

This Court ordinarily "will not consider arguments forfeited" on appeal absent exceptional circumstances or an effect on substantial rights, *Hacker v. Dart*, 62 F.4th 1073, 1080 (7th Cir. 2023), and if it does, "[p]lain error is the standard for appellate review of issues that have been forfeited" below, *Acox*, 595 F.3d at 730. These principles alone favor dismissal of Mogan's appeal. However, even if not forfeited, as described *infra*, de novo consideration reveals that the fair report privilege bars any action against Portfolio Media based on each of the challenged statements from the three Articles at issue.

**A.** **The Challenged Statements in the January 2022 Article Are Privileged as Fair Reports**

The six challenged statements in the January 2022 Article are privileged as fair reports of official proceedings, as the district court correctly found. *See* AA302–04.

*First*, the January 2022 Article reported that "[a] California lawyer is facing another round of sanctions after a 'baseless' attempt to sue Airbnb and three of its employees over other sanctions against him in an underlying action" (Statement 1). AA160; *see* AA121–22 (SAC ¶ 21). This statement is a substantially correct account of the January Order in *Sacks, Ricketts & Case*, which imposed sanctions additional to those imposed in the California state case, AA175, 182, and which described Mogan's federal suit as "baseless," AA174, and as brought "for claims related to a sanction award against him in an underlying state court action," AA172.

Mogan (at 20) makes the same argument he made below, *viz.*, that Statement 1 is "false as the complaint was based on service of a sanctions motion never filed, false documents sent to Appellant[,] and a threatening letter all of which were alleged in the complaint and also alleged as acts of wire fraud, extortion[,] and. [sic]" As the district court noted, this argument pertains to the truth or falsity of the underlying events, which is irrelevant to the fair report privilege. AA297; *see Hill*, 969 N.E.2d at 569. Mogan (at 21) argues that Statement 1 "created an erroneous impression to readers, report[ed] on events unfairly and inaccurately, and Appellee

added comments and insinuations." But he identifies no such additions, nor does he specify what was what "erroneous," "unfair[]," or "inaccurate." Nor can he: Statement 1 is an accurate and unadorned report of the January Order.

*Second*, the January 2022 Article reported that "Mogan made a number of accusations against Airbnb, including fraud, harassment and extortion, after the rental company successfully moved for sanctions against Mogan for attempting to reopen his client's case after it had been dealt with through arbitration" (Statement 2). AA160; *see* AA122 (SAC ¶ 22). This fairly reports the January Order's statement that Mogan's federal complaint was "premised on the allegations that (1) Airbnb failed to pay its arbitration fee on time and lied about it, and (2) Airbnb sought sanctions for improper purposes like harassment and extortion," and that "Mogan was sanctioned" in the California state case for "s[eeking] to take advantage of the AAA's clerical error . . . to avoid the effect of the Court's earlier order granting defendants' motion to compel arbitration." AA175.

Mogan (at 22) again makes the irrelevant argument that this report was "false" and the same unsubstantiated claims that it was "not a fair reporting of such proceedings," "created an erroneous impression to readers, report[ed] on events unfairly and inaccurately, and Appellee added comments and insinuations." *See supra* pp. 19–20. He further attempts to prove the falsity of the statement by rehashing underlying facts of the California state court case, but again, the privilege

concerns "[t]he accuracy of the summary, not the truth or falsity of the information being summarized." *Hurst v. Cap. Cities Media, Inc.*, 754 N.E.2d 429, 434 (Ill. App. 2001). None of these arguments suggests that Statement 2 was inaccurate with respect to the January Order, nor can they.

*Third*, the January 2022 Article reported that "Mogan had represented Veronica McCluskey in California state court in a November 2019 suit against Airbnb, claiming that the rental company destroyed her business after she went on television complaining about Airbnb properties being used to sell drugs. The case went to arbitration, and while Airbnb paid its arbitration fee within a legal timeframe, the transaction was not properly recorded" (Statement 3). AA160; *see* AA122 (SAC ¶ 23). As the district court held, "this summary accurately reflects the district court's description of the facts of *McCluskey*" in both its dismissal order and the January Order. AA303; *see Sacks, Ricketts & Case*, 2022 WL 94927, at *2 (describing McCluskey's claim that Airbnb had "destroyed her business in retaliation for [her] reaching out to Fox News and the Los Angeles Police Department about Airbnb Inc.'s inaction towards an Airbnb Superhost . . . who was trafficking illegal drugs through the United States mail including at his Airbnb rental"); AA174 (noting "the state trial court found that Airbnb had timely paid its arbitration fee[ and] that the '[AAA] made a clerical error by misapplying defendants' timely fees'" (quoting *McCluskey*)). Mogan (at 22) groups this statement together with the previous one,

making the same unavailing and irrelevant arguments, which do nothing to disturb the indisputable conclusion that Statement 3 is a fair report of the January Order and the same court's prior dismissal order.

*Fourth*, the January 2022 Article reported that "Mogan attempted to use the clerical error as a wedge to reopen the case in state court, but the court ruled that the transactional error was not a way out of McCluskey's contractual obligation to arbitrate her claim, and the court admonished Mogan for lying about when Airbnb made its payment" (Statement 4). AA160; *see* AA122 (SAC ¶ 24). This statement fairly reports the sanctions order in *McCluskey*, which sanctioned Mogan after finding he "sought to take advantage of the AAA's clerical error . . . to evade [his client's] contractual obligation to arbitrate her claims and to avoid the effect of the Court's earlier order granting defendants' petition to compel arbitration." AA170. There is no different gist or sting to the report that "the court admonished Mogan for lying about when Airbnb made its payment" than the state court's statement that it found "plaintiff's contention that defendants were in 'default' in the arbitration proceedings was entirely lacking in either evidentiary or legal support," that the contrary facts were "fully known to plaintiff's counsel," and that "Plaintiff's counsel now compounds his misconduct by [making] accusations which the Court finds to be baseless and unprofessional." *Id.*; *cf., e.g.*, *Harrison*, 793 N.E.2d at 773–74 (article describing wrongful removal from the country by a parent as "kidnapping"

was a fair report).  Mogan's (at 23) attempts to rebut the underlying facts of the state case are again irrelevant, and his oft-repeated accusations of "erroneous impression[s]" and "unfair[] and inaccurate[]" reporting find no substantiation in his brief or in reality.

*Fifth*, the January 2022 Article reported that "Mogan hit back and filed suit against Airbnb and three employees—Jeff Henry, Dave Willner, and Sanaz Ebrahini—asking to have the sanctions against him lifted and alleging abuse of process and unfair business practices from conspiracy to racketeering."  AA160 (January 2022 Article); *see* AA122–23 (SAC ¶ 25).  The January Order indeed stated that Mogan asserted claims "ranging from abuse of process and unfair business practices to conspiracy and racketeering."  AA175.  And the gist of the statement that Mogan "ask[ed] to have the sanctions against him lifted" is no different than the gist of the January Order's statements that Mogan's claims were "related to a sanction award against him in [the] state court action," AA172, that his claims were "barred by the preclusive effect of the state court's ruling[] on . . . the motion for sanctions," AA174, and that Mogan was "attempt[ing] to relitigate numerous prior cases, simply refusing to accept prior rulings," AA177.  *See, e.g.*, *Bertha v. Daily Herald Newspaper*, No. 2-21-0695, 2022 WL 3354691, at *4 (Ill. App. Aug. 15, 2022) (finding "sting" of article and proceeding to be the same despite "a few discrepancies" in "[t]heir reports"); AA300 ("[E]ven if Mogan did not expressly ask

the district court to overturn the state court sanctions, the lawsuit was in effect a collateral attack on the state court's decision to issue sanctions.").

*Sixth*, the January 2022 Article reported that "[Mogan] alleged that Airbnb failed to pay its arbitration fee on time and lied about it, and that Airbnb sought sanctions against Mogan for the purposes of harassment and extortion." AA160 (January 2022 Article); *see* AA123 (SAC ¶ 26). This is a nearly direct quote of the January Order's description of Mogan's complaint in the *Sacks* case as "premised on the allegations that (1) Airbnb failed to pay its arbitration fee on time and lied about it, and (2) Airbnb sought sanctions for improper purposes like harassment and extortion." AA175. Mogan's (at 24–25) assertion that this description did not reflect his complaint in that case, even if true, is immaterial, because Statement 6 accurately reflects the January Order. *See Hurst*, 754 N.E.2d at 434.

In sum, Mogan's allegations as to the January 2022 Article fail because all of the challenged statements are privileged as fair reports of the *Sacks* dismissal order, the *Sacks* January Order, and the *McCluskey* sanctions order.

## B. The Challenged Statements in the May 2022 Article Are Privileged as Fair Reports

Mogan's allegations as to the May 2022 Article fare no better. All four of the challenged statements in that Article (Statements 7 to 10) are likewise not actionable as privileged fair reports of the May Order in *Sacks* and other orders just discussed:

*Seventh*, the May 2022 Article reported that "[a] California attorney must pay more than $162,000 in attorney fees after he was sanctioned for filing a 'frivolous' lawsuit against Airbnb Inc. and three of its employees over other sanctions levied against him in an underlying action" (Statement 7). AA163; *see* AA119 (SAC ¶ 13). This is an accurate report of the May 2022 Order, which "award[ed] [Airbnb Defendants] reasonable attorneys' fees of $162,160.20," AA194, and noted that the court had, in the January Order, "found sanctions . . . appropriate" after holding "Mogan violated Federal Rule of Civil Procedure 11 by filing a frivolous complaint," AA185. As described *supra*, the January Order makes clear it is indeed considering a lawsuit over other sanctions levied against Mogan in the state court action. Mogan (at 39–40) makes the same copy-and-paste arguments made as to previous statements, *viz.*, the irrelevant argument that Statement 7 does not reflect his complaint in the *Sacks* case and the conclusory statements that Defendant's report "created an erroneous impression to readers," "report on events unfairly and inaccurately," and "added comments and insinuations of the reporter which were false." Like Mogan's arguments before the district court, these assertions do nothing to "identif[y] any inconsistencies between the facts as described by Law360 and the facts as described by the court decisions at issue." AA295. In any event, there are no such inconsistencies. Statement 7 is fully privileged and not actionable.

*Eighth*, the May 2022 Article reported that "Mogan filed a frivolous suit accusing Airbnb of fraud, harassment and extortion after the rental company successfully moved for sanctions against Mogan for attempting to reopen his client's case after it had been dealt with through arbitration" (Statement 8). AA163; *see* AA120 (SAC ¶ 14). This statement is largely duplicative of Statement 2 and is not actionable for the same reasons. *See supra* § I.A. The description of Mogan's suit in *Sacks* as "frivolous," of course, is a fair report of the January Order's and the May Order's descriptions of Mogan's *Sacks* suit as "frivolous." AA179, 185. Mogan (at 40) makes no new arguments to defeat the privilege.

*Ninth*, the May 2022 Article reported that "[t]he [state court] case went to arbitration, and while Airbnb paid its arbitration fee within a legal timeframe, the transaction was not properly recorded. Mogan attempted to use the clerical error as a wedge to reopen the case in state court . . . ." (Statement 9). AA163; *see* AA120 (SAC ¶ 15). This statement is repetitive of Statements 3 and 4 and is privileged for the same reasons. *See supra* § I.A. Mogan (at 40–41) makes no different argument to alter this conclusion.

*Tenth*, the May 2022 Article reported that "Mogan hit back and filed suit against Airbnb—as well as its employees Jeff Henry, Dave Willner and Sanaz Ebrahini and its previous counsel at Sacks Ricketts & Case LLP, now known as Ricketts Case LLP—asking to have the sanctions against him lifted" (Statement 10).

AA163; *see* AA120 (SAC ¶ 16).  This statement is duplicative of Statement 5 and privileged for the same reasons.  *See supra* § I.A.  Mogan (at 41–42) again recycles the same unavailing arguments, which do nothing to undermine the privilege.

As the district court correctly held, all four challenged statements in the May 2022 Article are privileged as fair reports of the relevant court proceedings.  *See* AA298–300.

## C. The Challenged Statements in the May 2023 Article Are Privileged as Fair Reports

Finally, the three challenged statements in the May 2023 Article are privileged as fair reports and therefore not actionable:

*Eleventh*, the May 2023 Article reported that Mogan's federal suit against the State Bar of California "stems from a lawsuit filed in San Francisco County Superior Court by plaintiff Veronica McCluskey against three [Airbnb] employees" (Statement 11).  AA166; *see* AA121 (SAC ¶ 18).  As the district court recognized, "this accurately reflects the public disciplinary proceedings initiated by the State Bar of California that ultimately led to Mogan's federal lawsuit against the State Bar." AA302; *see* AA196–99 (Notice of Disciplinary Charges) (recounting the history of the *McCluskey* case and finding Mogan violated a California professional code by "filing a frivolous motion to stay in the [state court] proceeding," AA199); AA224 (complaint in federal suit against State Bar, describing "dispute" with State Bar over "an order from a state court judge to pay [a] debt").  Mogan (at 33, 35–39) waxes

poetic about his complaint against the State Bar, but this does nothing to change that Statement 11 accurately reported on his suit against the State Bar and the underlying proceedings.

*Twelfth*, the May 2023 Article reported that "Mogan filed a 'factually and legally frivolous' motion that, among other things, tried to take advantage of a clerical error by the American Arbitration Association and avoid the court's order to arbitrate the dispute" (Statement 12). AA166; *see* AA121 (SAC ¶ 20). Like other similar statements, *see supra* §§ I.A–B, this statement accurately reports on both the January Order and the *McCluskey* sanctions order. *See* AA170 (describing motion to lift stay as "factually and legally frivolous" and stating Mogan "sought to take advantage of the AAA's clerical error . . . to avoid the effect of the Court's earlier order granting defendants' petition to compel arbitration"); AA175 (same).

Mogan (at 34) again argues that the statement was false and that he had "proven to a California Appellate Court" facts that, he claims, would undermine the statements. Even putting aside the fact that, as the district court noted, "the California Court of Appeal *affirmed* the trial court's award of sanctions against Mogan in *McCluskey*" and "did not overturn any factual findings of the lower court," AA298, the application of the fair report privilege is unaffected by whether the *McCluskey* sanctions order or the January Order was factually correct—the privilege applies because the May 2023 Article accurately reported on the content of those

orders.  *See Gist v. Macon Cnty. Sheriff's Dep't*, 671 N.E.2d 1154, 1160 (Ill. App. 1996) ("The accuracy of the summary, not the truth or falsity of the information being summarized, is the benchmark of the privilege, because the one reporting on the proceeding or meeting is simply acting as the public eye, reporting information 'that any member of the public could have acquired for himself.'" (quoting Restatement (Second) of Torts § 611 cmt. i)); *accord* Appellant Br. 31 (quoting *Gist*, 671 N.E.2d at 1160).

*Thirteenth*, the May 2023 Article reported that "[The California state court judge] also held that Mogan 'compounds his misconduct' by accusing his opposing counsel of committing a fraud on the court, which the judge found 'baseless and unprofessional.'"  AA166 (May 2023 Article); *see* AA121 (SAC ¶ 19).  There can be no serious argument that this statement is not a fair report of the *McCluskey* sanctions order, which stated:  "Plaintiff's counsel now compounds his misconduct by accusing defendants' counsel of 'continued attempts to commit fraud upon this Court and Plaintiff' and of 'lying,' among other things, accusations which the Court finds to be baseless and unprofessional."  AA170; *see* AA175 (January Order summarizing same).  And indeed, Mogan (at 33–34) makes no argument as to this statement in his brief before this Court, only repeating the allegation in paragraph 19 of the proposed Second Amendment Complaint.

With respect to the May 2023 Article, Mogan (at 35) also highlights the proposed Second Amended Complaint's allegation that *Law360* published the Article "despite the fact the District Court still had not issued an order to the public," AA120 (SAC ¶ 17). The district court noted that, although Mogan had "not properly developed the point," he appeared to argue "that, by prematurely reporting on the case before an order was issued, Law360 misrepresented the case's disposition or status." AA301. To the extent Mogan made such an argument below or does so now, it fails. First, nothing in the May 2023 Article misreported the tentative nature of the district court's decision: to the contrary, the article notes the judge (1) "appeared *poised* . . . to dismiss" the lawsuit, AA166 (emphasis added) (2) told the parties "his *tentative* ruling," AA166 (emphasis added); (3) issued "a written *tentative* opinion . . . before the hearing to the parties," AA166 (emphasis added); *see* AA167 (same); (4) stated "[m]y *tentative* conclusion," AA166 (emphasis added); (5) said he "would think over" issues relating to Mogan's request to file an amended complaint," AA167; and (6) "took the arguments under submission," AA167. And second, the tentative nature of the judge's statement does not remove it from the application of the fair report privilege: "Since the holding of an official hearing or meeting is in itself an official proceeding, the privilege includes the report of any official hearing or meeting, even though no other action is taken." *Solaia*, 852 N.E.2d at 851 (Freeman, J., concurring in part and dissenting in part) (quoting

Restatement (Second) of Torts § 611 cmt. d and noting the majority adopted a position consistent with it); *id.* at 844 (majority opinion) ("[T]here is no judicial-action limitation on the fair report privilege in Illinois."). To the extent the proposed Second Amended Complaint articulates an allegation concerning the tentative nature of the court's ruling, that was clearly communicated to readers and the May 2023 Article's reporting on a public hearing falls squarely within the fair report privilege.

*       *       *

In sum, each of the challenged statements in the three Articles included in the proposed Second Amended Complaint are not actionable as privileged fair reports of official proceedings. As Mogan acknowledges, this conclusion defeats not only Mogan's defamation claim, AA123–25 (SAC ¶¶ 27–39), but also his false light invasion of privacy claim, AA125–26 (SAC ¶¶ 40–48). *See* Appellant Br. 26 ("The Illinois Appellate Court has held . . . that where the plaintiff has failed to state a cause of action for defamation per se, the false light count must fail as well."); *accord id.* at 43 (quoting *Seith v. Chi. Sun-Times, Inc.*, 861 N.E.2d 1117, 1130–31 (Ill. App. 2007)).

Mogan appears not to challenge the district court's conclusion that no future amendment could state a claim based on the three Articles and thus that dismissal with prejudice was appropriate. *See* AA305–06. Nor could he: as the district court correctly determined, a "thorough[] compar[ison]" of "the articles and official

proceedings at issue" reveals that the Articles in their entirety "are clearly privileged as fair reports of official proceedings." AA305. "Where it is clear that the defect cannot be corrected so that amendment is futile, it might do no harm to deny leave to amend and to enter an immediate final judgment . . . ." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015); *see, e.g.*, *Doermer v. Callen*, 847 F.3d 522, 528 (7th Cir. 2017) (affirming final judgment of dismissal where plaintiff "identified no proposed amendments that might save his case, and the law is clearly on the defendants' side"). Here, because no "subsequent amendment" could "alter[] th[e] conclusion" that the straightforward reports in the Articles are fully protected by the fair report privilege, AA305–06, the district court correctly found that the dismissal should be with prejudice. *Cf. Bd. of Forensic Document Examiners, Inc. v. Am. Bar Ass'n*, 922 F.3d 827, 834 (7th Cir. 2019) (affirming denial of leave to amend where challenged statement constituted non-actionable opinion "and there was nothing [plaintiff] could do to change that reality in a new amended complaint").

## II.    Mogan's Suit Cannot Otherwise Be Maintained

There is another independent basis to affirm the district court's decision. "'It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below,' when to deviate from this rule being a matter 'left primarily to the discretion of the courts of appeals, to be exercised on the facts of individual

cases.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 487 (2008) (quoting *Singleton v. Wulff*, 428 U.S. 106, 120–21 (1976)). "[S]uch discretion may be exercised 'where the proper resolution is beyond any doubt,'" and this Court consequently "ha[s] exercised [its] discretion, for example, 'to entertain arguments that turn on pure issues of law." *Bradley v. Village of Univ. Park*, 59 F.4th 887, 901 (7th Cir. 2023) (first quoting *Singleton*, 428 U.S. at 121; then quoting *Allen v. City of Chicago*, 865 F.3d 936, 944 (7th Cir. 2017)).

Here, it is beyond any doubt, as a matter of law, that Mogan's proposed Second Amended Complaint "fails to allege *any* facts to support a finding of fault by Portfolio." AA50 (motion to dismiss First Amended Complaint); *see* AA154 (opposition to motion to file Second Amended Complaint) (same). Even if Mogan is not a public figure, the First Amendment requires that he allege at least negligence on the part of Portfolio Media. *See Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 350 (1974). The proposed Second Amended Complaint has not done so: it offers only [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," which "do not suffice." *Iqbal*, 556 U.S. at 678. The proposed Second Amended Complaint nowhere alleges any facts supporting even negligence by Portfolio Media. It therefore fails to state a claim for which relief can be granted on this independent basis.

**CONCLUSION**

For the reasons stated above, Portfolio Media respectfully requests that this Court affirm the district court's judgment.

DATED: July 30, 2024    Respectfully submitted,

           */s/ Elizabeth A. McNamara*
           ELIZABETH A. MCNAMARA
           DAVIS WRIGHT TREMAINE LLP
           1251 Avenue of the Americas
           21st Floor
           New York, NY 10020
           Telephone: (212) 603-6437
           Facsimile: (212) 379-5237
           lizmcnamara@dwt.com

           *Counsel for Appellee Portfolio Media Inc.*

# CERTIFICATE OF COMPLIANCE

I hereby certify that:

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) and 7th Cir. R. 32(c) because it contains 8,315 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f); and

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) and 7th Cir. R. 32(b) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 Apps for enterprise, Version 2405s in 14-point Times New Roman font.

DATED: July 30, 2024       By: */s/ Elizabeth A. McNamara*
                                            Elizabeth A. McNamara

# ADDENDUM OF STATUTES AND RULES

Pursuant to Federal Rule of Appellate Procedure 28(f), Portfolio Media Inc. respectfully submits the relevant parts of the following statutes and rules:

1.  <u>Federal Rules of Civil Procedure 12(b)</u>

Rule 12.  Defenses and Objections: When and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions; Waiving Defenses; Pretrial Hearing

(b) How to Present Defenses.  Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion:

(1) lack of subject-matter jurisdiction;

(2) lack of personal jurisdiction;

(3) improper venue;

(4) insufficient process;

(5) insufficient service of process;

(6) failure to state a claim upon which relief can be granted; and

(7) failure to join a party under Rule 19.

A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.  If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim.  No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Elizabeth A. McNamara*
Elizabeth A. McNamara